UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60704-CIV-MARTINEZ
MAGISTRATE JUDGE P.A. WHITE

LONNIE MADISON,          :

    Plaintiff,       :      <u>PRELIMINARY REPORT</u>
                                <u>OF MAGISTRATE JUDGE</u>
v.                       :

CITY OF CORAL SPRINGS, ET AL.,:

    Defendants.      :
_____

## I. <u>Introduction</u>

The plaintiff Lonnie Madison, currently housed at the Calhoun Correctional Institution, filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief based on alleged constitutional violations that occurred in Coral Springs, Florida. [DE# 1]. The plaintiff has been granted leave to proceed <u>in forma pauperis</u>.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding <u>in forma pauperis</u>.

## II. <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

                                *   *   *

>>(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>\* \* \*
>
>(B) the action or appeal –
>
>\* \* \*
>
>(i)  is frivolous or malicious;
>
>(ii) fails to state a claim on which relief may be granted; or
>
>(iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the

plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is

the most plausible or whether it is more likely that no misconduct occurred. Id.

The plaintiff names the following defendants:

1. Coral Springs Police Officer Kalpus
2. Coral Springs Police Officer Floyd
3. City of Police Department
4. City of Coral Springs

The plaintiff alleges that Officers Kalpus and Floyd (and others not named as defendants) falsely arrested him and engaged in an illegal warrantless search and seizure on July 1, 2005. He states that he was never charged with a crime due to the illegal seizure of property. The plaintiff seeks monetary damages and other relief.

The Undersigned finds that the federal constitutional claims against Kalpus and Floyd should proceed beyond this initial screening. This complaint is not foreclosed under Heck v. Humphrey, 512 U.S. 477 (1994) and its progeny. Under Heck, a prisoner cannot bring a §1983 action directly challenging his confinement until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. Id. at 486-87. Because an illegal arrest, which would violate the accused's Fourth Amendment rights, might be followed by a valid conviction, a successful §1983 action challenging the constitutionality of the arrest would not necessarily imply the invalidity of a state conviction. Hughes v. Lott, 350 F.3d 1157 (11 Cir. 2003); Whiting v. Taylor, supra.

4

The plaintiff alleges that he was never charged, and he has raised sufficient facts so that his constitutional and pendent state law claims against these defendants should proceed beyond this initial screening, as the allegations are adequate to survive the 28 U.S.C. §1915 and Rule 12(b)(6) hurdles.

The plaintiff has failed to set forth a cognizable federal constitutional claim against the City of Coral Springs or its police department.  At the outset, the claim against the Coral Springs Police Department must be dismissed because police departments cannot be sued in a federal civil rights action. In Section 1983 actions, police departments cannot be sued, because a police department is merely an administrative arm of the local municipality, and is not a separate judicial entity.  Eddy v. City of Miami, 715 F.Supp. 1553 (S.D.Fla.1989); DeBellis v. Kulp , 166 F.Supp.2d 255, 264 (E.D.Pa.2001).  The  Coral Springs Police Department is merely an arm of a municipality.

While a municipality and its agencies are subject to liability under §1983, such liability cannot result merely from an improper or even unconstitutional act of its employees under a theory of respondeat superior.  If a plaintiff sues a county or county agency, there must be proof that the alleged injuries resulted from an official custom, policy, or practice.  Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Mandel v. Doe, 888 F.2d 782 (11 Cir. 1989).  The plaintiff bears the burden of establishing a causal link between a government policy or custom and the injury which is alleged.  Byrd v. Clark, 783 F.3d 1002, 1008 (11 Cir. 1986)(citing Monell, supra).  The plaintiff has not met his burden of establishing a causal link between a government policy or custom and the injury which is alleged.  Byrd, supra.  He does not show any other examples to support a claim of a pattern or practice of unconstitutional conduct on the part of the municipality.

5

III. <u>Recommendation</u>

It is therefore recommended that:

(1) The defendants City of Coral Springs and Coral Springs Police Department be dismissed as a parties to this action pursuant to 28 U.S.C. 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted; and

(2) the case remain pending as to the defendants Kalpus and Floyd.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 9th day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE


cc:  Lonnie Madison, <u>Pro Se</u>
     DC No. 771656
     Calhoun Correctional Institution
     19562 S.E. Institutional Drive, Unit 1
     Blountstown, FL 32424