UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-60704-CIV-MARTINEZ
                              MAGISTRATE JUDGE P.A. WHITE

LONNIE MADISON,                    :

          Plaintiff,               :          REPORT OF
                                              MAGISTRATE JUDGE
v.                                 :

CITY OF CORAL SPRINGS, ET AL.,:

          Defendants.              :
_____

## I.   Introduction

     This Cause is before the Court upon the plaintiff Lonnie
Madison's Motion for Leave to Amend [DE# 15] and proposed Amended
Complaint [DE#'s 16-17[1]].  The plaintiff, currently housed at the
Calhoun Correctional Institution, filed a pro se civil rights
complaint pursuant to 42 U.S.C. §1983 for damages and other relief
based on alleged constitutional violations that occurred in Coral
Springs, Florida.  [DE# 1].  The plaintiff has been granted leave
to proceed in forma pauperis. [DE# 7].

     The proposed amended complaint [DE# 16-17] is presently before
the Court for initial screening pursuant to 28 U.S.C. §1915,
because the plaintiff is proceeding in forma pauperis.

## II.   Analysis

_____

     [1] The proposed amended complaint was split and docketed at DE#
16 and DE# 17.

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

*   *   *

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

*   *   *

(B) the action or appeal –

*   *   *

(i)  is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).  Dismissals on

2

this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether

the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[2]

The plaintiff seeks to add City of Coral Springs Police Officer Bill Capplis as a party to this civil action.  As discussed below, the Undersigned finds that the claim against this new party is barred by the applicable statute of limitations and, accordingly, the motion for leave to amend should be denied and the amended complaint should be dismissed.  A district court may sua sponte dismiss a pro se civil rights action for failure to state a claim pursuant to 28 U.S.C. §1915(e) on grounds that the face of the complaint clearly establishes that it is barred by the applicable statute of limitations.  See Pino v. Ryan, 49 F.3d 51 (2 Cir. 1995).

In the Complaint, the plaintiff named the following defendants:

    1.   Coral Springs Police Officer Kalpus
    2.   Coral Springs Police Officer Floyd
    3.   City of Coral Springs Police Department

---

[2] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

4

4.   City of Coral Springs

The plaintiff alleged that Officers Kalpus and Floyd (and others not named as defendants, described as a "task force") falsely arrested him and engaged in an illegal warrantless search and seizure on July 1, 2005.  He stated that he was never charged with a crime due to the illegal seizure of property.  The plaintiff seeks monetary damages and other relief.

The Undersigned issued a Report finding that the federal constitutional claims against Kalpus and Floyd should proceed beyond the initial screening, but the City of Coral Springs and its police department be dismissed as parties to this action. [DE# 8]. The Report is pending before the Honorable Jose E. Martinez.  The defendant Floyd was served on August 3, 2009 [DE# 12], and attempted service upon the defendant Kalpus was unsuccessful [DE# 13].

The plaintiff now seeks to amend by adding a new party:  City of Coral Springs Police Officer Bill Capplis.  The plaintiff raises the same claims as in the Complaint but alleges that Officer Capplis was present with the other defendants and participated in the allegedly unconstitutional search and seizure.  It appears that Capplis was not part of the "task force," as the plaintiff alleges that "Officers Capplis and Kalpus, Floyd and a task force" (emphasis supplied) entered his home.  As such, it appears that the plaintiff is not attempting to identify a "Doe" task force member – he is attempting to add an entirely new party not mentioned in the Complaint.[3]

_____

[3] It is noted that due to the similarity of the names "Kalpus" and "Capplis" it is possible that the plaintiff may be attempting to identify the same officer.  Although "Capplis" and "Kalpus" are

The alleged constitutional violation occurred on July 1, 2005. The Amended Complaint, which names Officer Capplis for the first time, was filed on August 11, 2009.

A §1983 action brought in Florida is governed by Florida's four-year personal injury statute of limitations. See Chappell v. Rich, 340 F.3d 1279, 1283 (11 Cir. 2003), cert. denied, 540 U.S. 1219 (2004); Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11 Cir. 1999) (citing Owens v. Okure, 488 U.S. 235 (1989); Wilson v. Garcia, 471 U.S. 261, 276(1985)).[4]

---

mentioned in the same sentence as different individuals, this possibility is supported by the fact that the deputy marshal was informed that there is no "Kalpus" in the City of Coral Springs police department.

[4]    In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court held that the length of the limitations period in actions pursuant to 42 U.S.C. §1983, and the closely related questions of tolling and applications, are to be governed by state law. The Court further held that these cases are best characterized as personal injury actions. Such claims in Florida are governed by Fla.Stat. §95.11(3)(a), actions founded on negligence, or Fla.Stat. §95.11(3)(o), actions for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or other intentional tort, except as provided in other sections. Both these sections establish four year periods of limitations.

Later, the Supreme Court decided Owens v. Okure, 488 U.S. 235 (1989), which held that when a State has multiple statutes of limitations for personal injury actions as does Florida, courts considering §1983 claims should borrow the State's general or residual personal injury statute of limitations. In Florida, this is Fla.Stat. §95.11(3)(p), four years for actions not specifically provided for. The Supreme Court has also held that a federal court applying a state statute of limitations to an inmate's federal civil rights action should also apply any state statute tolling the limitations period for prisoners. Hardin v. Straub, 490 U.S. 536 (l989). Florida has a general tolling statute, Fla.Stat. §95.05l, but it does not toll limitations periods for prisoners.

Thus, for purposes of the claims raised in this civil rights suit, the length of the limitations period, determined by state

The claim against Officer Capplis was raised following the
expiration of the four year statute of limitations.  Thus, in order
for a claim against this defendant to be able to proceed, the claim
must relate back to the Complaint.  In order for an amendment
adding a new party to relate back, the plaintiff must satisfy three
requirements: 1) the claim against the newly named party must have
arisen out of the same conduct or transaction set forth in the
original timely pleading; 2) the newly named party must receive
notice of the action within the 120 day service period so it will
not be prejudiced in maintaining a defense on the merits; and 3)
the newly named party must have known, or should have known, that
"but for a mistake" made by the plaintiff concerning the newly
named party's identity, the action would have been brought against
the newly named party in the first place.  <u>Fed. R. Civ. P.</u>
15(c)(3).

The federal rules permit amendments with relation back in
order to correct a misnomer of a defendant where the proper
defendant is already before the court and the effect is merely to
correct the name under which he is sued.  However, a new defendant
cannot normally be substituted or added by amendment after the
statute of limitations has run.  <u>Wayne v. Jarvis</u>, 197 F.3d 1098,
1103-04 (11 Cir. 1999).  "The drafters of Rule 15(c)[ ] included
the mistake proviso . . . in order to resolve 'the problem of a
misnamed defendant' and allow a party 'to correct a formal defect
such as a misnomer or misidentification.' <u>Fed R. Civ. P.</u> 15(c)(3),
Advisory Committee Notes to 1991 Amendment." <u>Wayne</u>, 197 F.3d at
1103.

---

law, is four years.

In the instant case, there is no indication that the plaintiff made any mistake as to the identity of Officer Capplis, he simply did not name Capplis as a defendant in the original, timely complaint.  The plaintiff has moved to add a new defendant to his lawsuit. This is not a circumstance where he is attempting to correct a mistake or otherwise inconsequential pleading error. Accordingly, the amendment does not relate back to the Complaint, and the Amended Complaint is untimely.

### III.  Recommendation

It is therefore recommended that:

(1) The Motion for Leave to Amend [DE# 15] be denied.

(2) The Amended Complaint [DE#'s 16-17] be dismissed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 21st day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE


cc:  Lonnie Madison, Pro Se
     DC No. 771656
     Calhoun Correctional Institution
     19562 S.E. Institutional Drive, Unit 1
     Blountstown, FL 32424